# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JASON MORANO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>REDFIN CORPORATION, ROCKET COMPANIES, INC., DAVID H. LISSY, GLENN KELMAN, ROBERT BASS, JULIE BORNSTEIN, KERRY D. CHANDLER, AUSTIN LIGON, BRAD SINGER, JAMES SLAVET, and SELINA TOBACCOWALA,<br><br>Defendants. | Case No.<br><br>**EX PARTE MOTION TO EXPEDITE BRIEFING AND NOTATION DATE FOR EXPEDITED DISCOVERY AHEAD OF JUNE 4 VOTE**<br><br>NOTE ON MOTION CALENDAR:<br>May 9, 2025 |

The Shareholder Vote challenged in this action is scheduled on **June 4, 2025**. Time is therefore of the essence, and Plaintiff Jason Morano ("Plaintiff") respectfully submits this motion seeking expedited discovery, expedited briefing regarding same, and a briefing schedule on the anticipated preliminary injunction motion, with a hearing to be held **prior to June 4, 2025**.

**Contemporaneous with the filing of this Motion, Plaintiff is providing a copy via e-mail to counsel for Defendants Redfin Corporation ("Redfin") and Rocket Companies, Inc. ("Rocket") identified in the Merger Agreement governing the merger ("Merger") between Redfin and Rocket that is the subject of this action**. Given notice to known counsel, Plaintiff seeks an order from this Court expediting any opposition to this motion to Wednesday, **May 14, 2025**, and respectfully requests a decision on the motion as soon as the following day, Thursday, **May 15, 2025**.

### FACTUAL BACKGROUND AND PRELIMINARY STATEMENT

On June 4, 2025, Redfin shareholders will be asked to vote to approve the merger (the "Shareholder Vote") between Redfin and Rocket agreed to on March 9, 2025 ("Proposed Merger") based on misleading and omissive language in Redfin's May 5, 2025 definitive proxy ("Proxy") (**Exhibit 1**).

At page 58, the Proxy vaguely states without any detail whatsoever that "Goldman Sachs Investment Banking has an existing lending relationship with Rocket and/or its subsidiaries." The Proxy also states that "[d]uring the two-year period ended March 9, 2025, Goldman Sachs Investment Banking has *not* been engaged by Rocket or its affiliates to provide financial advisory or underwriting services *for which Goldman Sachs has recognized compensation*." From the language above, it is unclear the extent to which Goldman Sachs has received and continues to receive compensation from Rocket for lending services while simultaneously serving as Redfin's financial advisor in negotiations against Rocket in connection with the Proposed Merger.

Importantly, SEC filings show that Rocket entered into a Revolving Credit Agreement dated July 2, 2024, which provided Rocket with access to a $1.15 billion revolving credit facility funded

by Goldman Sachs and other lenders ("the Revolver").[1] The amount committed by Goldman Sachs to the facility is redacted from Schedule 2.01A of the public version of the Revolver. The Revolver requires Rocket to pay interest to Goldman Sachs and the other lenders on outstanding balances under the Revolver. But according to Rocket's Form 10-K for 2024 (at page 99), there was no outstanding balance on the Revolver as of December 31, 2024.[2] In such circumstance, the Revolver requires Rocket to pay commitment fees to Goldman Sachs for undrawn amounts.

To enable Redfin stockholders to contextualize the conflict posed by Goldman Sachs' concurrent lending relationship with Rocket, the Proxy must disclose the nature of the relationship (i.e., the Revolver), the amount committed by Goldman Sachs to Rocket under the Revolver, and the total aggregate amount paid by Rocket to Goldman Sachs under the Revolver (including interest and fees) during the two years prior to March 9, 2025.

*Second*, the Proxy fails to disclose key inputs, including the NOL Projections, to a discounted cash flow analysis ("DCF Analysis") prepared by Goldman Sachs in support of its Fairness Opinion. Because the DCF analysis supports the Fairness Opinion, and the Board relied on the Fairness Opinion to justify its recommendation to Redfin stockholders to approve the Proposed Merger, the inputs used to prepare the DCF Analysis are material to Redfin stockholders.

//

//

//

---

[1] *See* Revolving Credit Agreement dated July 2, 2024 (available at: https://www.sec.gov/Archives/edgar/data/1805284/000180528424000137/exhibit106rocketmortgage-r.htm.

[2] *See* Rocket Form 10-K for year ending December 31, 2024 (available at https://www.sec.gov/ix?doc=/Archives/edgar/data/0001805284/000180528425000010/rkt-20241231.htm)

# ARGUMENT

## Expedited Discovery and Proceedings Should be Granted

FRCP 26(d)(1) allows a party to seek expedited discovery if authorized by court order. Under Rule 26(d)(1), the Court can authorize expedited discovery before a Rule 26(f) conference upon a showing of "good cause." *See Amazon.com, Inc. v. Aalitood*, 2024 U.S. Dist. LEXIS 14522, at *3 (W.D. Wash. Jan. 26, 2024).

Plaintiff's request implicates the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Veeder-Root Fuelquest v. Wisdom*, 2021 U.S. Dist. LEXIS 63091, at *8 (W.D. Wash. Mar. 31, 2021). These factors clearly support ordering expedited discovery.

## Good Cause Exists for Limited and Targeted Expedited Discovery

*First*, Plaintiff seeks expedited discovery in anticipation of a motion to preliminarily enjoin the Shareholder Vote until curative disclosures are issued. Courts in this Circuit have held that "expedited discovery may be justified to allow a plaintiff tom determine whether to seek an early injunction." *Apple Inc. v. Samsung Elecs. Co.*, 2011 U.S. Dist. LEXIS 53233, at *5 (N.D. Cal. May 18, 2011); *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 U.S. Dist. LEXIS 6395, at *4 (N.D. Cal. Jan. 7, 2010) (finding good cause to permit expedited discovery to allow a litigant "to determine whether to seek an early injunction."). That is precisely what Plaintiff seeks to accomplish here.

*Second*, the discovery Plaintiff seeks is limited and targeted, as follows:

  a. Documents related to any and all sums (including fees and interest) that Rocket has paid to Goldman Sachs since March 9, 2023, for lending services or any other services not already referenced in the Proxy.

  b. The Presentation or banker book for the fairness opinion from Goldman Sachs, including the DCF Analysis.

c. The NOL Projections.

*Third*, Plaintiff seeks expedited discovery in aid of Plaintiff's forthcoming application for a preliminary injunction. There can be no question that an injunction is the appropriate remedy for omissive and misleading disclosures prior to the Shareholder Vote. "An uninformed shareholder vote is often considered an irreparable harm, particularly because the *raison d'etre* of many of the securities laws is to ensure that shareholders make informed decisions." *See Allergan, Inc. v. Valeant Pharms. Int'l, Inc.*, 2014 U.S. Dist. LEXIS 156227, at *50 (C.D. Cal. Nov. 4, 2014); *St. Louis Police Ret. Sys. v. Severson*, 2012 U.S. Dist. LEXIS 152392, at *16-17 (N.D. Cal. Oct. 23, 2012) ("[D]isclosure deficiencies cannot be remedied effectively by an 'after-the-fact damages' case. Thus, 'it is appropriate for the court to address material disclosure problems through the issuance of a preliminary injunction that persists until the problems are corrected.'").

*Fourth*, Defendants' compliance burden is minimal given the limited discovery sought by Plaintiff and the comparatively enormous harm faced by public stockholders if the $1.75 billion Proposed Merger is approved with faulty disclosures. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2002 U.S. Dist. LEXIS 26261, at *32 (S.D. Tex. Aug. 15, 2002) (noting that the burden to produce discovery is slight where the party has "already found, reviewed, and organized the documents.").

*Fifth*, Plaintiff has pursued expedited discovery swiftly by filing a motion in tandem with his complaint.

Defendants may argue that the Private Securities Litigation Reform Act ("PSLRA") stays discovery in federal securities cases pending the resolution of any motion to dismiss. But there is no motion to dismiss pending, and even were Defendants to move to dismiss, courts have discretion under the PSLRA to grant "particularized discovery" in support of a motion for a preliminary injunction

where such discovery is necessary to "prevent undue prejudice to the moving party." 15 U.S.C. § 78u-4(b)(3)(B). "Undue prejudice" sufficient to overcome the statutory bar amounts to "something less than irreparable harm." *Vacold LLC v. Cerami*, 2001 U.S. Dist. LEXIS 1589, at *23 (S.D.N.Y. Feb. 16, 2001).

Further, even if Defendants move to dismiss and implicate the PSLRA stay, the automatic stay should be lifted here, as "particularized discovery is necessary . . . to prevent undue prejudice to [Plaintiff]." *See* 15 U.S.C. § 78u-4(b)(3)(B). Here, Plaintiff's discovery requests are sufficiently particularized because he only requests "a relatively-limited amount of materials…subject to readily definable constraints." *Pension Trust Fund for Operating Eng'rs v. Assisted Living Concepts, Inc.*, 943 F. Supp. 2d 913, 915 (E.D. Wis. 2013). Moreover, courts have found that the exact threat of irreparable harm present here "is the type of prejudice that warrants the lifting of the discovery stay." *Ryan v. Walton*, 2010 U.S. Dist. LEXIS 108618, at *7 (D.D.C. Mar. 9, 2010); *see also Zappia v. GAN Ltd.*, 2024 U.S. Dist. LEXIS 12235 (S.D.N.Y. Jan. 23, 2024) (authorizing expedited production of particularized document requests to ensure that preliminary injunction motion seeking to enjoin vote pending supplemental disclosure "will be litigated effectively"); *Malon v. Franklin Fin. Corp.*, 2014 U.S. Dist. LEXIS 157304, at *1, 3-6 (E.D. Va. Nov. 6, 2014) (lifting PSLRA stay and directing production of documents in action alleging that defendants provided incomplete information in proxy); *Nichting v. DPL Inc.*, 2011 U.S. Dist. LEXIS 76739 (S.D. Ohio July 15, 2011) (same).

For the above reasons, Plaintiff's motion for expedited discovery should be granted.

## An Order To Shorten Time Should Be Entered

Plaintiff also requests expedited proceedings to schedule the hearing on his anticipated motion for a preliminary injunction after Defendants produce the above discovery requests, but before the Shareholder Vote.

Accordingly, Plaintiff seeks an Order to Shorten Time. *See, e.g.*, *Allergan*, , 2014 U.S. Dist. LEXIS 156227, at *50 ("An uninformed shareholder vote is often considered an irreparable harm, particularly because the *raison d'etre* of many of the securities laws is to ensure that shareholders make informed decisions."); *Sonesta Int'l Hotels Corp. v. Wellington Assocs.*, 483 F.2d 247, 250-51 (2d Cir. 1973) ("preliminary injunctive relief is a particularly useful remedy for prevention of probable violations of the disclosure requirements […], for the reason that prior to consummation of the offer the court still has a variety of methods available to it for correction of the misstatements or omissions. ***But once the [transaction] has been consummated it becomes difficult, and sometimes virtually impossible, for a court to 'unscramble the eggs.'***").

With the Shareholder Vote a mere four weeks away, good cause and exigent circumstances exist warranting an order granting Plaintiff's requested relief of a shortened briefing schedule and an expedited hearing on Plaintiff's forthcoming motion for a preliminary injunction. *See Moravek v. FNB Bancorp*, 1986 U.S. Dist. LEXIS 23188, at *12-*13 (N.D. Ill. July 3, 1986) ("Given the short period during which the current tender offer will be open, plaintiffs have demonstrated a need for expedited hearing on their motion."); *A Woman's Choice-East Side Women's Clinic v. Newman*, 904 F. Supp. 1434, 1441 (S.D. Ind. 1995) (noting court held expedited hearing five days after movant filed motion for preliminary injunction and expedited hearing); *Hashi v. Chertoff*, 2007 U.S. Dist. LEXIS 74726, *6 (S.D. Cal. Oct. 5, 2007) (setting expedited hearing for eight days after application for temporary restraining order was filed); *NRDC v. Kempthorne*, 2007 U.S. Dist. LEXIS 48261, *3 (E.D. Cal. July 3, 2007) (noting court held expedited hearing to consider motion for temporary restraining order and preliminary injunction three days after motion was filed); *Eveready Battery Co. v. Adolph Coors Co.*, 765 F. Supp. 440, 444 (N.D. Ill. 1991) (court held expedited hearing on motion for a preliminary injunction one day after motion was filed); *Wachovia Sec., L.L.C. v. Stanton*, 571 F. Supp. 2d 1014,

EX PARTE — 7

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

1031 (N.D. Iowa 2008) (ordering expedited hearing four days after motion for temporary restraining order and preliminary injunction was filed).

In a similar and recent case challenging a proxy in connection with the Merger of GAN Ltd, where the shareholder vote was scheduled on February 13, 2024, the Court issued the same type of order requested here allowing for narrow discovery and scheduling a preliminary injunction hearing on February 6, 2024 – i.e., one week in advance of the shareholder vote. *Zappia v. GAN Ltd..*, 2024 U.S. Dist. LEXIS 12235 (S.D.N.Y. Jan. 23, 2024) (Courtesy copy annexed as **Exhibit 2**).

Further, Fed. R. Civ. P. 6(c) allows the Court to shorten the time between a written motion and a hearing for "good cause," which exists here in light of the impending Shareholder Vote. Fed. R. Civ. P. 6(c)(1)(C); *see also Durham v. County of Maui*, 2010 U.S. Dist. LEXIS 60133, at *26 (D. Haw. June 17, 2010). An expedited briefing schedule is also permitted under L.R. 6-1.

Absent an expedited schedule, a preliminary injunction hearing will not be until after the Shareholder Vote, obviating the point of the motion. Such a result would cause direct and irreparable harm to shareholders. Thus, an Order to Shorten Time is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the accompanying Order granting expedited discovery and proceedings, and to shorten time to schedule a preliminary injunction hearing before the Shareholder Vote.

I certify that this motion contains 2,093 words, in compliance with Local Civil Rule 7(e)(1).

DATED: May 9, 2025                                                   Respectfully submitted,

**OF COUNSEL**                                                        **TOWNSEND LEGAL CORP.**

**MONTEVERDE & ASSOCIATES PC**                       /s/ *Roger M. Townsend*

EX PARTE                                         8

**TOWNSEND LEGAL, PLLC**
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110 Tel: 206-761-2480

Juan E. Monteverde
Jonathan T. Lerner
The Empire State Building
350 Fifth Avenue, Suite 4740
New York, NY 10118
Tel: (212) 971-1341
jmonteverde@monteverdelaw.com
jlerner@monteverdelaw.com

**WOHL & FRUCHTER LLP**
Joshua E. Fruchter
25 Robert Pitt Drive, Suite 209G
Monsey, NY 10952
Tel: (845) 290-6818
jfruchter@wohlfruchter.com

*Counsel for Plaintiff*

Roger M. Townsend
380 Winslow Way, Suite 200
Bainbridge Island, WA 98110
Tel: 206-761-2480
Roger@townsendlegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, and my firm caused to be sent **VIA E-MAIL** a file-stamped copy of the foregoing to Defendants' counsel as follows:

**Fenwick & West LLP**
Alan C. Smith
David K. Michaels
Christopher N. Gorman
acsmith@fenwick.com
dmichaels@fenwick.com
cgorman@fenwick.com

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
Scott A. Barshay
Laura C. Turano
sbarshay@paulweiss.com
lturano@paulweiss.com

By: /s/ *Roger M. Townsend*
Roger M. Townsend